UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jessica Ray, | ) | C/A No.: 08-cv-3854-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Gayle E. M. O'Neal D/B/A Spellbound and Amazing Exotics Education Center of Central Florida, Inc., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on the plaintiff's motion for remand. For the reasons stated herein, this Court grants the plaintiff's motion.

**Background**

Plaintiff filed this action in the Court of Common Pleas of Greenville County in South Carolina. Defendants Gayle O'Neal d/b/a Spellbound ("Spellbound") and Defendant Amazing Exotics Education Center of Central Florida, Inc. ("Amazing Exotics") were served on October 23, 2008 and October 28, 2008 respectively. Amazing Exotics was served with a copy of the Amended Summons and First Amended Complaint via certified mail, return receipt requested, restricted delivery, addressed to each of its officers. The return receipt was signed. (See State Record P. 12).

Spellbound filed a Notice of Removal on November 21, 2008 based upon diversity jurisdiction under 28 U.S.C. § 1332. The plaintiff filed its Motion to Remand

Page 1 of 3

on December 22, 2008 based upon the defendant's failure to obtain unanimous consent from all defendants.  Spellbound filed a response in opposition on January 9, 2008.

## Discussion

According to 28 U.S.C. section 1446, the defendant seeking removal must file a notice of removal stating the grounds for removal.  The courts have consistently interpreted section 1446(a) to require all defendants in an action to join in or consent to the petition.  *See Baldwin v. Perdue, Inc.*, 451 F.Supp. 373, 376 (E. Dist. Va.1973); *Town of Fairfax v. Ashbrook*, 3 F.Supp. 345, 346 (N.D.Okla.1933).  The Supreme Court has stated that it is "well settled that a removal could not be effected unless all the parties on the same side of the controversy united in the petition." *Chicago, R. I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900).  All defendants must join or consent within thirty days of service of process.  *See Albonetti v. GAF Corporation-Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex.1981); *McCurtain County Production Corp. v. Cowett*, 482 F.Supp. 809, 812 (E.D.Okla.1978). This requirement is not jurisdictional, however, unanimous consent by all defendants within the proper time is mandatory and failure to comply constitutes adequate grounds for a court to remand the action to state court.  *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444 (M. Dist. N.C. 1982).  In addition, each defendants' consent must be unambiguous.  *Id.*

Defendant Spellbound did not obtain consent within the thirty day period after

service of process from defendant Amazing Exotics. Since courts are to strictly apply this requirement and resolve all doubts against the removing party and in favor of the plaintiff, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, (1941), this Court must remand the case back to the Court of Common Pleas, Greenville County, South Carolina for failure to obtain consent of removal from all defendants.

IT IS THEREFORE SO ORDERED THAT this matter be REMANDED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

January __15__, 2009
Anderson, South Carolina